# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **COXCOM, INC., d/b/a COX BUSINESS SERVICES**, a Delaware corporation, and **COX OKLAHOMA TELECOM, LLC**, a Delaware Corporation, </br></br>  Plaintiffs, </br></br> v. </br></br> **EGGHEAD TELECOM, INC.**, an Oklahoma corporation; and **EDDIE KREMEIER**, an individual, </br></br> Defendants. | </br></br></br></br></br></br></br></br> Case No. 08-CV-698-TCK-PJC |

## OPINION AND ORDER

Before the Court is Plaintiffs' Motion to Certify Defendants' Appeal as Frivolous (Doc. 74). On July 2, 2009, Defendants filed a motion to compel arbitration ("Motion to Compel") of all issues not related to injunctive relief, and this Court referred the motion to United States Magistrate Judge Paul Cleary. On August 18, 2009, Judge Cleary filed a Report and Recommendation, recommending that the Motion to Compel be denied. On September 11, 2009, this Court affirmed and adopted the Report and Recommendation and denied the Motion to Compel. On September 14, 2009, Defendants filed an interlocutory appeal of the Court's order denying the Motion to Compel pursuant to 9 U.S.C. § 16(a). On September 16, 2009, Plaintiffs moved the Court to certify the appeal as frivolous and retain jurisdiction of the entire case during the appeal.

When Defendants filed their interlocutory appeal of the Court's order denying the Motion to Compel pursuant to 9 U.S.C. § 16(a), the Court was automatically divested of jurisdiction over all matters involved in the appeal. *See McCauley v. Haliburton Energy Servs., Inc.*, 413 F.3d 1158, 1162 (10th Cir. 2005) (following those circuits holding that § 16 appeal results in automatic

divestiture of district court's jurisdiction of all matters involved in the appeal); *see also Stewart v. Donges*, 915 F.2d 572, 577 (10th Cir. 1990) ("Once a notice of appeal on an appealable issue such as qualified immunity is filed, the status quo is that the district court has lost jurisdiction to proceed.").[1] However, a district court "may frustrate any litigant's attempt to exploit the categorical divestiture rule by taking the affirmative step, after a hearing, of certifying the § 16(a) appeal as frivolous or forfeited." *McCauley*, 413 F.3d at 1162; *Stewart*, 915 F.2d at 577 ("To regain jurisdiction, [a district court] must take the affirmative step of certifying the appeal as frivolous or forfeited . . . .").

The Tenth Circuit has not set forth specific factors to consider in determining whether an appeal is "frivolous" for purposes of retaining jurisdiction. However, district courts in the Tenth Circuit have noted that a moving party "faces a rather difficult burden to overcome an interlocutory appeal and maintain jurisdiction in the district court," and that an appeal is not frivolous "if it is at least 'colorable.'" *See Howards v. Reichle*, No. 06-CV-01964, 2009 WL 2338086, at * 2 (D. Colo. July 28, 2009) (unpublished); *cf. Autorama Corp. v. Stewart*, 802 F.2d 1284, 1288 (10th Cir. 1986) (holding that, for purposes of awarding damages pursuant to 28 U.S.C. § 1912, "[a]n appeal is termed frivolous if the result is obvious, or the arguments of error are wholly without merit").

In determining whether Defendants waived their right to arbitration, the Court applied the six-factor test in *Metz v. Merrill Lynch, Pierce, Fenner & Smith*, 39 F.3d 1482 (10th Cir. 1994). The Court found that each factor weighed in favor of waiver and summarized these findings as follows:

---

[1] The divestiture of jurisdiction includes both dispositive matters and non-dispositive matters, such as amendments to pleadings and discovery. *Hardin v. First Cash Fin'l Servs.,Inc.*, 465 F.3d 470, 474 n.2 (10th Cir. 2006).

> Egghead and Kremeier have timely asserted arbitration rights only as to their claimed commissions. As to all other issues Defendants have eschewed arbitration. Egghead threatened litigation in Oklahoma County. Egghead and Kremeier filed a lawsuit in the Western District of Oklahoma. Egghead and Kremeier Answered in this case and filed counterclaims. Defendants have opposed arbitration in the spoliation case. Finally, Defendants have waited until well after the Court's first discovery deadline in this case and shortly before the initial trial date to bring this motion. Under these circumstances, it is clear that Defendants have waived their right to compel arbitration as to the claims pending herein.

(Report and Recommendation 12.) Defendants contend that their appeal is not frivolous for several reasons. For example, Defendants assign as error the Court's failures to (1) consider that there was already a pending arbitration proceeding; (2) consider that, during the seven-month delay before seeking arbitration, "Egghead was awaiting a ruling on from this Court on Cox's Motion to Compel Arbitration," and (3) apply proper burdens of proof as to the six-step test.

Although the Court believes application of the six-factor test weighs heavily in favor of waiver and that Defendants have failed to articulate any meritorious appellate arguments, the Court cannot find that Defendants' appeal is entirely frivolous. There are somewhat unique procedural circumstances presented that may impact the appellate court's view of the six-factor test, and the Court finds that Defendants have at least a colorable basis for appeal. *See Chavez-Rodriguez v. City of Santa Fe*, 616 F. Supp. 2d 1145, 1152-53 (D.N.M. 2009) (refusing to certify appeal as frivolous despite the Court's belief that defendant's argument did not "ha[ve] much force"); *Hill v. Ricoh Americas Corp.*, No. 08-2548, 2009 WL 2407805, at * 1 (D. Kan. July 31, 2009) (unpublished) (refusing to certify appeal as frivolous in case involving application of *Metz*'s six-factor test for waiver).

Plaintiffs' Motion to Certify Defendants' Appeal as Frivolous (Doc. 74) is DENIED, and all claims for which Defendants sought to compel arbitration in their Motion to Compel are STAYED.[2]

**ORDERED this 19th day of November, 2009.**

_____
**TERENCE KERN**
**United States District Judge**

---

[2] Defendants state in their response brief that the injunctions previously entered by the Court are not the subject of any appeal. (*See* Defs.' Obj. 1 ("It should be noted that the injunctive relief sought by Plaintiffs, and confessed by Defendants, is not the subject of any appeal. The appeal now pending regards arbitration of all other claims . . . .").  While the Court makes no ruling as to this question, it is at least possible that Plaintiffs' enforcement of the agreed-upon injunctive relief, (*see* Pls.' Corrected Mot. to Find Defs. in Contempt (Doc. 62)), may proceed despite the appeal.  *See McCauley*, 413 F.3d at 1162 ("'When an interlocutory appeal is taken, the district court only retains jurisdiction to proceed with matters *not involved in that appeal*.'") (emphasis added) (quoting *Stewart*, 915 F.2d at 575-76).